BINA F. BROWN, Respondent, *v.* MANHATTAN RAILWAY COMPANY, Appellant.

*Negligence — testimony of a physician that certain conditions might or might not result from an injury — it is not a basis for damages — charge of the court where damages are claimed for injury which the plaintiff sustained while attempting to board an elevated railroad train, in consequence of having her dress caught in the gates.*

In an action to recover damages for personal injuries sustained by the plaintiff, testimony by the plaintiff's physician that certain possible conditions might or might not happen as a consequence of the plaintiff's injuries is purely speculative and conjectural and should not be received.

The jury cannot award damages for an injury to the plaintiff's ovaries where the evidence tends to show that it was at most a barely possible result of the accident.

*Semble,* that proof of such an injury is incompetent unless it is pleaded.

In an action brought against an elevated railroad company to recover damages for personal injuries, the evidence given by the plaintiff tended to show that as she was attempting to board one of the defendant's trains, the guard slammed the gates together catching her dress therein; that, while her dress was thus caught and she was still upon the station platform, the train started, dragging her along and causing her to sustain injuries.

The defendant's evidence tended to show that the plaintiff attempted to board the train after the gate had been closed and the train had started.

The court, at the request of the plaintiff, charged:

"That under the laws of the State elevated railroads are required, under severe penalties, to conform to certain rules in operating their trains, one of which is that 'when the car has stopped and a gate has been opened the car shall not start until such gate is again firmly closed,' and another of which is that no train on such a railroad shall be permitted to start 'until every passenger upon the platform or station at which such train shall have stopped and desiring to board or enter such cars shall have actually boarded or entered the same,' which rules are required by law to be printed and displayed upon the cars of such roads used to carry passengers, and that the plaintiff had the right to assume that the train which she attempted to board would be operated in accordance with such law."

The defendant, in connection with this request, asked the court to charge the following requests:

"When the people who desired to stop at 59th street had left the train and the persons who were, in a manner apparent to the guards, actually evincing a desire to board the train, had entered the train, the defendant had the right to close the car gates and start the train."

"The plaintiff when upon the station platform was in a place of safety, and she was not under such stress of circumstances as would justify her in attempting to get upon a moving train after it had started."

" Even if the guard had closed his gates and started the train before the plaintiff had time to board it, and even while she was walking towards it, this would not justify her in attempting from a place of safety to board the train after it had started."

The court refused to charge such requests except as he had already charged. There was nothing in the general charge which covered the requests in question.

*Held,* that the requests were proper in view of the rule which the court had announced upon the request of the plaintiff, and that it was error for the court to decline to charge them.

APPEAL by the defendant, the Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of July, 1902, upon the verdict of a jury for $6,500, and also from an order entered in said clerk's office on the 30th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Austen G. Fox,* for the appellant.

*J. Noble Hayes,* for the respondent.

HATCH, J. :

This action was brought to recover damages for injuries alleged to have been received on account of the negligence of the defendant. The evidence of the plaintiff tended to show that as she attempted to board one of defendant's trains at the Fifty-ninth street station the guard slammed the gates together; they caught her dress in the closed gate while she was still upon the platform. The train was immediately started, she was dragged along, her foot went down between the platform and the moving car, and her ankle and leg were severely injured by being ground between the car and the platform. The evidence was sufficient upon which to sustain the verdict of the jury, but the case is full of reversible error.

The plaintiff's physician testified under objection and exception that certain possible conditions might or might not happen in regard to plaintiff's injuries. This testimony was purely speculative and conjectural, and it was, therefore, erroneously received. (*Strohm* v. *N. Y., L. E. & W. R. R. Co.,* 96 N. Y. 305.) Evidence was given by the plaintiff as to an operation performed for the removal of one of her ovaries. Subsequently, her physician testified that the injury

to her limb had nothing whatever to do with the disease of the ovary. There was no averment in the complaint respecting such injury. The defendant moved to strike out all of the testimony relating to this theory of damage, and the motion was denied. The motion was also accompanied with a statement showing that the defendant had no notice from any source that such a claim would be set up, and that defendant desired to have an opportunity to show that the ovarian trouble was not due to the injury received to plaintiff's limb, and it asked, if the ruling be against it, for the privilege of withdrawing a juror. This was also denied.

These motions should have been granted, as there was no basis upon which an award could be made for such injuries. It was not only not pleaded, but also not proven. Upon such subject, the court in its main charge submitted this question to the jury, stating, however, that they should not allow damages for such injuries unless they found from the evidence submitted that the operation for the removal of the ovary was necessarily occasioned by the injury inflicted by the defendant; that they must find that it was a direct result of such injury. This would have been a proper charge had the matter been pleaded, and the evidence warranted a finding based thereon. In this connection the court was asked to charge: "If the jury believe from the evidence in this case that the plaintiff has shown that the injury to her ovary was merely a possible result of her injury on the defendant's railroad and has failed to show by a preponderance of the evidence in this case that the injury to her ovary was caused by her injury on the line of the defendant's railroad, then the jury will, in considering their verdict, disregard all evidence relating to the injury to plaintiff's ovary." The court refused so to charge and the defendant excepted. The most that could be said upon this subject was that the evidence authorized a finding that such injury was a barely possible result of the accident, and if so, even though properly in the case, it could not furnish the basis for an award of damages. The law requires that the results flowing from an injury must be such as are reasonably certain. They fail when the only basis is possibility and conjecture. In this case there was an affirmative statement of the plaintiff's physician that the injury to the limb had nothing to do with the ovarian trouble. It was, therefore, error to refuse to charge as requested. Upon request of the plaintiff

the court charged : " That under the laws of the State* elevated railroads are required, under severe penalties, to conform to certain rules in operating their trains, one of which is that ' when the car has stopped and a gate has been opened the car shall not start until such gate is again firmly closed,' and another of which is that no train on such a railroad shall be permitted to start ' until every passenger upon the platform or station at which such train shall have stopped and desiring to board or enter such cars shall have actually boarded or entered the same,' which rules are required by law to be printed and displayed upon the cars of such roads used to carry passengers, and that the plaintiff had the right to assume that the train which she attempted to board would be operated in accordance with such law."   In connection with such request, the defendant requested the court to charge : " When the people who desired to stop at 59th street had left the train and the persons who were, in a manner apparent to the guards, actually evincing a desire to board the train, had entered the train, the defendant had the right to close the car gates and start the train."   And further the defendant requested the court to charge : " The plaintiff when upon the station platform was in a place of safety, and she was not under such stress of circumstances as would justify her in attempting to get upon a moving train after it had started."   And further : " Even if the guard had closed his gates and started the train before the plaintiff had time to board it, and even while she was walking towards it, this would not justify her in attempting from a place of safety to board the train after it had started."   The court refused to charge each of these requests by the defendant, except as he had already charged.

These requests were pertinent and proper in connection with the request of the plaintiff.   The statutory rule of law, which the court had charged the jury as binding upon the plaintiff, even though disregarded by the defendant, would not warrant the plaintiff in attempting to board the train if the conditions existed as stated in the requests to charge by the defendant.   The evidence upon such subject tended to show that the plaintiff made an attempt to board

*See Laws of 1890, chap. 565, §§ 138–141, as amd. by Laws of 1892, chap. 676.— [Rep.

the train after the gate was closed and after the train had started; consequently there was basis in the evidence upon which to found the requests. They tended to qualify the rule of law applicable thereto in establishing the liability of the defendant if the plaintiff was guilty of contributory negligence, and this side of the question the defendant was entitled to have considered in view of the absolute statutory obligation which the court had charged as imposed upon the defendant. There was nothing in the general charge which covered such question, and they were proper requests in view of the rule which the court had announced upon the request of the plaintiff. It was, therefore, error to refuse to charge as requested. There are numerous other errors in this record. We do not feel called upon, however, to discuss them, as they may not arise upon another trial. The evidence given upon the part of the plaintiff tends to show a clear case of negligence upon the part of the defendant, the results of which were severe in character and for which it may be made to respond in damages. The evidence on the part of the defendant exonerates it from liability, and if the jury are convinced that the accident happened in the manner in which the defendant's evidence tends to show, a verdict may pass in its favor.

The issue between these parties is simple to the last degree, and yet the case has been so incumbered with collateral issues and matters which have very little, if any, bearing upon the real merits of the question involved, that innumerable errors have been the result. The respective claims may be disposed of easily, speedily and intelligently, and a conclusion reached thereon without having the issue obscured by an abundance of what is practically irrelevant matter to the merits of the controversy. The issues are of negligence, contributory negligence and damage, and if the parties limit this case to a consideration of such questions, it may be easily tried and the issues clearly comprehended by the jury.

It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., concurred in result.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.