the opposite party, the amount of them, as adjusted, is to be entered in the judgment, is to remain unaltered, and is final in form, and complete. ' If the costs are retaxed, and reduced upon retaxation, the judgment is not changed, but the amount of the reduction is to be credited upon the execution." Hewitt et al. v. City Mills, 136 N. Y. 211, 213, 32 N. E. 768. Section 3266 of the Code of Civil Procedure places the duty upon the clerk of ascertaining and satisfying himself, as the taxing officer of the court, that all the terms of the bill of costs are "correct and legal," and, proper notice of a retaxation having been given, it is not essential to such determination that the defendants should be present at the time named for such retaxation. The proceedings should not have been dismissed, but the defendants are in no way responsible for that result. Having been dismissed, the plaintiff was not remediless. Section 3265 of the Code of Civil Procedure provides that a taxation or a retaxation may be reviewed upon a motion for a new taxation. If the plaintiff was aggrieved by the action of the clerk, he should have moved for relief under that section.

Order affirmed, with costs and disbursements. All concur.

---

## GOODKIND v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. CARRIERS—STREET CAR PASSENGER—INJURY—INSTRUCTION—WITHDRAWING ISSUE OF NEGLIGENCE.

In an action by a street car passenger for personal injuries it is error to instruct that, if the jury find the accident to have happened in the manner testified to by plaintiff and his witness, "then the plaintiff would be entitled to a verdict," as the issue of negligence is thereby withdrawn from the jury.

2. SAME—PROXIMATE CAUSE—FREEDOM FROM CONTRIBUTORY NEGLIGENCE.

In an action by a street car passenger for personal injuries it is error to instruct that, if the jury find that the car was started without warning, with a lurch so violent as to cause plaintiff to be thrown, as testified to by him and his witness, and the car could have been started by the exercise of reasonable skill without such lurch, and the seats were all occupied, and that plaintiff was standing and holding onto a strap, and was solely by reason thereof thrown and was injured, then plaintiff would be entitled to a verdict; since the instruction omits the elements both of proximate cause and freedom from contributory negligence.

Appeal from Trial Term, New York County.

Action by Abraham Goodkind against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Otto Horwitz, for respondent.

INGRAHAM, J. The plaintiff, a passenger upon one of the defendant's cars, was standing in the car, holding onto a strap provided for the use of passengers. While in this position he was thrown, or

fell, and sustained injuries for which he has recovered in this action. He testified that the car came to a stop, and was started with a violent jerk, which caused him to lose his hold upon the strap, and he was thrown down. The learned counsel for the appellant admits that the evidence justified the submission of the case to the jury, but relies upon two exceptions—one to the admission of testimony, and the other to the charge of the court made at the plaintiff's request.

We are forced to reverse this judgment because of the exception to the charge relied upon by the defendant. The court, at the request of the defendant, had charged that:

"The burden of proof in this action rests upon the plaintiff to establish both the essential elements in his cause of action, to wit, the negligence of the defendant and the absence of any negligence on the part of the plaintiff, and the plaintiff is bound to make more than a balanced case."

Not satisfied with this, the plaintiff's counsel requested the court to charge:

"If the jury find that the particular car upon which the plaintiff was a passenger was caused to start forward without notice or warning to the plaintiff, from a position of rest, with a sudden and unusual lurch forward, so violent as to cause the plaintiff and other passengers in the car to be thrown in the manner testified to by plaintiff and his witness Minzesheimer; and if the jury further find that the car could have been started, by the exercise of a reasonable degree of skill and care on the part of the motorman controlling the car, without such sudden, violent, and unusual lurch, provided they believe there was such sudden, violent, and unusual lurch at all; and if they should further find that the seats in the car were all occupied, and that plaintiff was standing inside the car, holding onto a strap provided for such purpose, at the time of such lurch, and was solely by reason thereof thrown down and received the injuries that were testified to in this case—then the plaintiff would be entitled to a verdict."

The court charged as requested, and the defendant excepted.

Where the liability of a defendant is based upon negligence, to establish such liability the jury must find that the injury was caused by the negligence of the defendant, and it is error for the court to charge as a matter of law that, if the facts are as testified to by the plaintiff's witness, the plaintiff is entitled to a verdict. Kellegher v. Forty-Second St. Ry. Co., 171 N. Y. 309, 63 N. E. 1096. The application of the maxim res ipsa loquitur will, under certain circumstances, sustain a finding of negligence, but this is simply an application of the principle that a fact may be proved by circumstantial evidence. Where that maxim is applicable, there must still be a finding of negligence by the jury, based upon competent evidence, to entitle the plaintiff to a verdict; and the question as to whether negligence existed is a question which must be determined by the jury, and not by the court as a matter of law. This rule has been constantly reiterated in this court and in the Court of Appeals. It is quite proper for the court to instruct the jury that, if they find that a certain condition existed, then a question as to whether the defendant was or was not guilty of negligence is presented for their consideration, and a finding that the defendant was guilty of negligence would be sustained. But that is a very different proposition from a statement to the jury that, if they find certain facts, the plaintiff is entitled to a verdict. In such a direction the jury are charged as a matter of law that the facts stated constitute

negligence, instead of leaving the question as to whether there was negligence for the jury to determine.

The questions for the jury were, did the defendant's employés start the car with a jerk, which threw the plaintiff down and injured him, and, if they did, was such a starting of the car negligence? An instruction to the jury that, if the car started with such a jerk, and it could have been started without the jerk, the plaintiff was, as a matter of law, entitled to a verdict, withdrew from the jury the crucial question which they were required to determine, namely, whether any act of the defendant's employés which was negligent caused the jerk which injured the plaintiff. As was said by Martin, J., in Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096: "The standard by which the defendant's acts were to be judged was also largely a question of fact, and whether the acts proved came up to or were below that standard was peculiarly a question for the jury."

There was evidence on the part of the defendant that the plaintiff was seated in the car before the car started, and that there was no violent jerk, caused by any act of the defendant's motorman, or those engaged in operating the car; and yet the jury were instructed that, if they found that the car started with a jerk, and plaintiff was thrown, as testified to by the plaintiff and Minzesheimer, the plaintiff was entitled to a verdict, without requiring the jury also to find that the starting of the car by the defendant in the manner described was the cause of the accident. Not only must the negligence of the defendant be established, but such negligence must be shown to be the proximate cause of the accident. This charge violated the established rules in relation to what it was necessary for the jury to find to establish a liability of the defendant, both in failing to require the jury to find the defendant guilty of negligence and in permitting a verdict for the plaintiff without a finding that such negligence was the approximate cause of the accident, and that the plaintiff was free from contributory negligence.

It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.