The proof supports the further finding of the jury that the dredge was in the possession of the defendants during the whole period alleged in the complaint. It also sufficiently established the plaintiff's claim to recover the amount paid out to release the vessel from liens incurred while she was under the defendants' control.

As to the question of the extra allowance, the case seems fairly to fall within the class in which additional costs may properly be granted. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(98 App. Div. 49)

### FIORI v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CROSSINGS—NEGLIGENCE— QUESTION FOR JURY—INSTRUCTIONS.

Where, in an action for injuries to a pedestrian at a street railway crossing, plaintiff claimed that he attempted to cross in response to the motorman's signal for him to do so, when the motorman increased the speed of the car and struck plaintiff before he could get across, which was diametrically opposed to the facts as testified to by defendant's witnesses, the question whether the facts, though they were as testified to by plaintiff, constituted negligence, and negatived contributory negligence on the part of plaintiff, was for the jury; and hence it was error to charge that, if the jury was fully satisfied that the injury occurred as plaintiff alleged, he was entitled to recover.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Domenico Fiori against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Maurice Simmons, for respondent.

O'BRIEN, J. The action was brought to recover for injuries received by the plaintiff while walking across Grand street at Mott street on the evening of June 17, 1901, by being struck by one of defendant's electric cars through the alleged negligence of the motorman. Upon conflicting evidence as to the manner in which the accident occurred, the case was submitted to the jury, and in its charge the court said:

"The plaintiff's evidence is to the effect that as he was about to cross the street at the corner of Grand and Mott streets a car was upon the westerly crossing, or approaching the crossing that he was about to make; that the car was going slow, or not fast; that the motorman motioned with his hand, indicating that the plaintiff could cross in safety; and that thereupon he attempted to cross, when the car came up rapidly and struck him, and he was thrown to the street and injured. If the accident occurred in that way, it was a negligent act of the motorman, and it did not occur through the negligence of the plaintiff, because, when the motorman indicated—and the car was not going fast—that it was safe for him to cross, the plaintiff had a right to attempt to cross the street in front of the car. Now, the evidence of the witnesses for the defendant is diametrically opposed to that. * * *

If you are fully satisfied upon all the evidence that the injury occurred as the plaintiff alleges, then he has sustained the burden cast upon him."

Thereafter the defendant's attorney excepted to the charge as follows:

"I except to that portion of your honor's charge wherein you stated that if the accident happened as claimed by the plaintiff—as stated by the plaintiff's witnesses—that then the defendant was negligent, and the plaintiff free from negligence."

Unless it appears, as matter of law, from the uncontradicted evidence, that a plaintiff is free from contributory negligence, and that the defendant is guilty of negligence, a charge that the jury, if they believe the plaintiff's witnesses, should find a verdict in his favor, is erroneous, and constitutes ground for a reversal. The crucial question is always whether or not the facts presented do or do not constitute negligence, and to charge, in a case where the evidence is conflicting, or where, as matter of law, it cannot be said that negligence exists, that, if certain witnesses are believed, a verdict must be found for the party in whose behalf such witnesses testify, is to remove from the jury the question of fact which it is their province to decide, and leaves to them simply the question as to the credibility of such witnesses. In addition to whether witnesses are to be believed, the jury must determine whether or not, upon the facts, negligence is or is not to be inferred. Here the court charged that, if the jury believed the testimony of the plaintiff's witnesses, then the conduct of the motorman was a negligent act. In this way the court, instead of leaving it to the jury to say whether or not such conduct was negligent, took the question away from them by characterizing it as negligent. Similarly, the plaintiff's conduct, as testified by his witness, was characterized by the court as far from contributory negligence. Apart from the defendant's testimony, which raised a conflict as to these matters, and upon the evidence adduced by plaintiff, standing alone, it was for the jury to say whether it was negligence on the part of the motorman to invite the plaintiff to cross, and thereafter send the car forward, and whether the plaintiff, in proceeding under such circumstances, with the car at the distance stated, was or was not free from contributory negligence. Yet upon these vital questions the jury were by the charge directed to find for the plaintiff if they believed his witnesses. Such a charge has been repeatedly held bad, and in the recent case of Goodkind v. Metropolitan St. Ry. Co., 93 App. Div. 153, 87 N. Y. Supp. 523, this court said:

"Where the liability of the defendant is based upon negligence, to establish such liability the jury must find that the injury was caused by the negligence of the defendant; and it is error for the court to charge, as a matter of law, that, if the facts are as testified to by the plaintiff's witnesses, the plaintiff is entitled to a verdict. * * * In such a direction the jury are charged that, as matter of law, the facts stated constitute negligence, instead of leaving the question as to whether there was negligence for the jury to determine."

This principle was applied in the case of Kellegher v. Forty-Second St. Ry. Co., 171 N. Y. 309, 63 N. E. 1096, wherein it was held, as correctly stated in the syllabus, that:

"Upon the trial of an action for negligence, an instruction that, if the jury believed the witnesses called by the plaintiff, the act of the conductor in

starting a car was negligent, and constituted a cause of action in favor of the plaintiff, constitutes reversible error, because it submits to the jury only the question of the credibility of his witnesses, and practically withdraws from its consideration the questions of the defendant's negligence and of the plaintiff's contributory negligence, which should have been submitted, even if the evidence given by the plaintiff was to be believed."

And in Thomson v. Seaman, 67 App. Div. 58, 73 N. Y. Supp. 488, where the charge was that "if the story of the defendant's witnesses be true—that the accident happened as they say it did, and not as the plaintiff's witnesses say it did—your verdict must be for the defendant," the court said, "This charge can only be sustained if the testimony of the witnesses called by the defendants, if believed by the jury, and the other evidence in the case not in conflict therewith, established, as matter of law," that the plaintiff was guilty of contributory negligence, or the defendant free from negligence.

We have not overlooked the cases of Kleiner v. Third Ave. R. Co., 162 N. Y. 193, 56 N. E. 497, and McDonald v. Long Island R. Co., 116 N. Y. 546, 22 N. E. 1068, 15 Am. St. Rep. 437, in which it was held that the court may properly charge the jury that, if they find a certain condition to exist, they may infer negligence and liability of the defendant. Here, however, the court, after stating the plaintiff's testimony, said, "If the accident occurred in that way, it was a negligent act of the motorman, and it did not occur through the contributory negligence of the plaintiff," and thus the jury were not permitted to infer negligence or freedom from contributory negligence, but were charged that, under the circumstances narrated by plaintiff's witnesses, if believed, he "sustained the burden cast upon him." In the Kleiner Case, supra, it was held (headnote) that:

"It is not error for the trial court to charge in such an action that, if the jury believe that the accident happened in the manner described by the defendant's witnesses, their verdict must be for the defendant, and, if they believe it occurred in the manner described by the plaintiff and her witnesses, she is entitled to recover, since it leaves to the jury the determination of all the facts."

And in the McDonald Case, supra, the court left it for the jury "to say whether it would not be negligence if he started to get off the train while in motion"; and furthermore, upon appeal, it was held (headnote) that:

"Plaintiff's testimony, if taken as true, furnished all the facts requisite to establish defendant's liability, and no countervailing deductions could reasonably arise, and that therefore a charge of the court that, if the jury believed the testimony on the part of the plaintiff, he was entitled to recover, was not error."

These two cases are thus distinguishable from the present case, and it may be added that, even if they were not, they must be regarded as overruled by the later cases to which we have made reference, and in which the precise question here involved was passed upon.

In the case at bar the exception of the defendant to the charge called the attention of the court to the error made, and it follows from the authorities from which we have quoted that the exception must be sustained. In a case such as this, where the evidence was conflicting, and wherein the statements of the plaintiff's witnesses still left a question

open for the jury, as to whether the motorman was negligent in proceeding with a car after seeing the plaintiff, and the plaintiff free from negligence in attempting to cross when he was aware of the proximity of the car, the error committed, of taking that question away from the jury, requires a reversal of the judgment.

Judgment and order accordingly reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except PATTERSON, J., who dissents.