BROWN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

1. DAMAGES—PLEADING—PERSONAL INJURIES—ALLEGATIONS OF SPECIFIC IN-
JURY.

In an action for injuries, the admission of evidence that plaintiff suf-
fered from gastritis was erroneous, where no facts were stated in the
complaint from which it could be inferred that plaintiff had been thus
affected, but it was alleged therein that she had sustained a wound of
the thigh, extending to the periosteum, dividing the nerves and blood
vessels of the same, so that she suffered loss of sensation and impeded
circulation, was unable to use her leg as before, and sustained a severe
shock to her nervous system.

2. CARRIERS—INJURIES TO PASSENGERS—VIOLATION OF STATUTE.

A violation of Laws 1890, c. 565, § 138, providing that no train on an
elevated railroad shall be permitted to start until every passenger on the
platform desiring to board or enter the cars shall have actually boarded
or entered the same, does not create a presumption of negligence against
the railroad, but is merely evidence to be considered with other facts on
the question of negligence.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Bina F. Brown against the Manhattan Railway Com-
pany. From a judgment for plaintiff, and from an order denying a
new trial, defendant appeals. Reversed.

See 81 N. Y. Supp. 755.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM,
and LAUGHLIN, JJ.

Austen G. Fox, for appellant.

J. Noble Hayes, for respondent.

McLAUGHLIN, J. In December, 1897, the plaintiff attempted
to board one of the defendant's trains, and, in doing so, one foot was
caught between the moving train and platform, and her leg and
ankle seriously injured. She brought this action to recover the
damages sustained, upon the ground that such injuries were caused
by the defendant's negligence in starting the train before she had
succeeded in getting onto it. She had a recovery, and defendant
has appealed. She also had a recovery on a former trial, which
on appeal to this court was reversed for errors committed in the ad-
mission of evidence and in the instructions given to the jury.
Brown v. Manhattan Railway Co., 82 App. Div. 222, 81 N. Y. Supp.
755.

The judgment here appealed from must be reversed for the fol-
lowing reasons:

1. The injuries set out in the complaint are that the plaintiff had
"sustained a severe lacerated wound of the thigh, which extended
to the periosteum, dividing the nerves and blood vessels of the
same, so that she suffers loss of sensation and impeded circula-
tion in the part, and is unable to use leg as before the said injury,
and that her nervous system received a severe shock by the said
accident from which she has not recovered, * * * and that she

is seriously, and, as she is informed and believes, permanently, injured in consequence of the aforesaid." During the course of the trial, evidence was admitted against defendant's objection, and retained in opposition to its motion to strike out, to the effect that she suffered from gastritis. I think this was error. There is no allegation in the complaint, nor are any facts stated from which it can fairly be inferred, that the plaintiff, by reason of the accident, had been thus afflicted, and would claim damages by reason thereof. If it be conceded that gastritis is a natural result of such injuries, it is not a necessary result, and, for that reason, if a recovery were sought on that ground, the same should have been pleaded. Kleiner v. Third Ave. R. Co., 162 N. Y. 193, 56 N. E. 497; Hergert v. Union Ry. Co., 25 App. Div. 218, 49 N. Y. Supp. 307; Page v. D. & H. Canal Co., 76 App. Div. 160, 78 N. Y. Supp. 454; Sealey v. Metropolitan Ry. Co., 78 App. Div. 530, 79 N. Y. Supp. 677.

2. The court erred in charging plaintiff's seventh request, as follows:

"That it is presumptive negligence for the conductor of an elevated train in the city of New York to give the signal to start a train without using ordinary observation and care to discover if any person upon the platform of a station, and within the range of his vision, is approaching to board the train upon the platform on which he stands. And if the jury find that the conductor who stood upon the platform of the train which the plaintiff attempted to board on the night of December 1, 1897, failed to make such observation before signaling to start the train, and the plaintiff used ordinary care in attempting to board the train, and seeing the gate open, if such was the fact, she having the right to assume that such care would be observed by the defendant's employés, the defendant is chargeable with such negligence if the plaintiff was injured in consequence thereof."

The instruction is sought to be justified by the section of the statute relating to the subject of starting elevated trains, which provides, among other things, that no train on an elevated railroad shall be permitted to start until every passenger upon the platform or station at which such train is stopped, desiring to board or enter such cars, shall have actually boarded or entered the same. Section 138, c. 565, p. 1126, Laws 1890. But the charge, it will be observed, is much broader than the statute. It cannot be said, as a matter of law, that it is "presumptive negligence" for the conductor to start a train without using ordinary care to discover if any person upon the platform, "within the range of his vision," is approaching to board the train. Indeed, if that rule were to prevail, it is not difficult to imagine that in the city of New York, at certain hours of the day, when elevated trains are severely taxed in order to transport passengers, it would be with the utmost difficulty, if not impossible, for the defendant to move its trains at all. Under this rule, if the conductor saw a person approaching the ticket office or dropping a ticket in the box, he would be obliged to hold the train, because such person would then be upon the platform, "within the range of his vision," and approaching the train. It is difficult to formulate a rule which would apply to every case, but the statute should receive such construction as will enable the defendant to operate its trains, and at the same time insure the safety of passen-

gers. Here the jury should have been instructed as to the law bearing upon the subject of starting the train, and then told, if they found such law had been violated, they might consider that fact in connection with the other evidence bearing upon the defendant's negligence, not that that fact alone created a presumption of defendant's negligence. The court could not say, as a matter of law, that the defendant was presumed to be negligent if it violated the statute in starting the train. Kellegher v. Forty-Second St. & St. N. A. Ry. Co., 171 N. Y. 309, 63 N. E. 1096; Goodkind v. Metropolitan St. Ry. Co., 93 App. Div. 153, 87 N. Y. Supp. 523; Connor v. Metropolitan St. Ry. Co., 77 App. Div. 384, 79 N. Y. Supp. 294.

3. The court also erred in charging plaintiff's ninth request, as follows:

"Evidence tending to show that a party to an action tried to bribe a witness to give false testimony in his favor, if credited by the jury, is competent evidence as an admission by acts and conduct that his case is weak and his evidence dishonest; and if the jury find in this case that the defendant, through its agents, offered money or promised any valuable consideration to the witness Mrs. Brown, or to any other person, to testify against the plaintiff in this case falsely, or to improperly influence their testimony, it affords a presumption against the defendant's case as a whole, and the jury should weigh all the evidence offered by the defendant, the Manhattan Railway Company, in the light of that presumption."

This instruction, as it seems to me, was erroneous for two reasons: In the first place, no testimony was offered, so far as I have been able to discover, to the effect that an attempt was made to bribe any person except the witness Brown. If I am right about this, then the court could not leave it to the jury to infer that an attempt had been made to bribe some "other person." Storey v. Brennan, 15 N. Y. 524, 69 Am. Dec. 629; Algur v. Gardner, 54 N. Y. 360; Palmer v. Kelly, 56 N. Y. 637. Nor was it proper for the court to instruct the jury that, if they found that an attempt had been made to bribe a witness, that fact, in and of itself, created a presumption against defendant's case as a whole, and that all of defendant's evidence must be considered in the light of that presumption. It is claimed that Nowack v. Metropolitan St. Ry. Co., 166 N. Y. 433, 60 N. E. 32, 54 L. R. A. 592, 82 Am. St. Rep. 691, authorizes such instruction to be given. I do not think the authority goes so far as that. As I understand it, that case simply holds that evidence tending to show that a party to an action tried to bribe a witness to give false testimony in his favor is competent as an admission that his case is weak and his evidence dishonest; that such evidence is not conclusive, but is for the consideration of the jury under proper instructions. Such fact does not create a presumption one way or the other, but simply permits the jury to infer from it that other facts may or may not exist. There is a radical distinction between an inference which a jury may draw, and an instruction as to a presumption of law which they must recognize and be bound by. Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167; Carpenter v. Pennsylvania R. Co., 13 App. Div. 328, 43 N. Y. Supp. 203.

Other errors are alleged, but the conclusion at which I have arrived renders it unnecessary to pass upon them.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide event.

LAUGHLIN, J., concurs. PATTERSON, J., concurs on first and second grounds. INGRAHAM, J., dissents.