SCHECHWITZ v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   April 10, 1907.)

1. TRIAL—INSTRUCTIONS—REQUESTS.

It being a question of fact whether, under all the circumstances disclosed, defendant's servant was guilty of negligence, it was error for the court, on plaintiff's counsel asking for a charge that if plaintiff was not warned by defendant that she should not get out of the car, the step being up, she was entitled to a verdict, to say that it had so charged, though in fact it had not done so; this having the same effect as a direct charge to that effect.

2. SAME—EXCEPTIONS.

Where, on plaintiff's counsel asking the court to give a certain charge, it replied that it had so charged, the exception of defendant's counsel, thereupon taken, "I except to the charge," refers to that particular instruction, and not to the main charge.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Bettie Schechwitz, an infant, against the New York City Railway Company.   From a judgment for plaintiff, after a trial before the court and jury, defendant appeals.   Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

William E. Weaver, for appellant.

Eugene I. Yuells, for respondent.

PER CURIAM.   The action is for personal injuries, and the jury found for the plaintiff.   We would not be disposed to interfere with this conclusion of the jury, were it not for certain errors in the charge. Plaintiff's counsel asked the court to charge as follows:   "If the plaintiff was not warned by the defendant that she should not get out of the car, the step being up, in that case she is entitled to a verdict." The court replied:   "I have so charged.   It is substantially what I. have charged."   Thereupon the defendant's counsel said:   "I except to the charge."   The court could not arbitrarily designate a particular fact or act, such as not warning plaintiff from getting out of the car, as constituting negligence.   It is true the previous portion of the charge had not, in point of fact, designated this alleged omission to give warning as constituting negligence; but the effect upon the minds of the jury of the assertion of the court that he had so charged must have been the same as if a direct charge of the same import had been made.   The exception of the defendant's counsel clearly referred to this particular instruction, and not to the entire charge.

That this error of the learned court was prejudicial to defendant cannot be doubted. It was strictly a question of fact for the jury as to whether the defendant's servant was guilty of negligence, under the circumstances disclosed, in not perceiving the presence of plaintiff before he raised the running board, and if, without negligence on his part, he failed to see the plaintiff, there was no negligence in omitting to give the warning in question. The motorman claims that he looked just before raising the running board and saw no one on the car, and the evidence seems to indicate that plaintiff was a very short time on the car, for, when she got on the car, the conductor said, "No passengers in this car," and then she started to get off again. In the meanwhile the board had been raised. Moreover, the charge as a whole was not clear on the question of defendant's negligence as the proximate cause of the accident, and it cannot be said that the error above referred to was cured by other portions of the charge.

We think the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.