## BINGHAM v. JOLINE et al.

(Supreme Court, Appellate Term.   January 8, 1909.)

TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE.

Where the questions whether plaintiff, whose wagon was damaged by defendant's street car, was negligent, and whether defendant was exercising due care, were questions of fact, a charge that, if the jury believed the testimony of plaintiff and his witnesses, then plaintiff had proved that he was not negligent, and that defendant was negligent in operating the car, was erroneous, as submitting only the question of the credibility of plaintiff and his witnesses, and practically withdrawing the questions of defendant's negligence and plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613-623; Dec. Dig. § 253.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by George F. Bingham against Adrian H. Joline and another, as receivers of the New York City Railway Company. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Anthony J. Ernest, for appellants.
Dudley R. Horton, for respondent.

GILDERSLEEVE, P. J.   The action is for damages to plaintiff's wagon by reason of a collision with one of defendant's cars.   There is a conflict of proof as to the precise circumstances under which the accident occurred.   The learned trial justice, after stating generally the rules of law bearing upon questions of negligence as applicable to the case, charged the jury as follows:

"If you find that the version which was given by plaintiff and the witnesses in his behalf, whom you have heard, is the true one, I charge you that he has sustained both of the propositions that I have laid down to you, namely, that there was absence of contributory negligence on his part, and that defendant was guilty of negligence in not bringing the car to a stop at or near the crossing."

This instruction was erroneous, and must be said to have been prejudicial to defendant.   The instruction submitted to the jury only the question of the credibility of plaintiff and his witnesses, and practically withdrew from its consideration the questions of defendant's negligence and plaintiff's contributory negligence, which should have been submitted, even if the evidence given by plaintiff was to be accepted as true.   The court characterized the occurrence as described by plaintiff and his witnesses to be one where plaintiff was free from contributory negligence and defendant guilty of negligence, assuming plaintiff's testimony to be true, thus eliminating entirely from the function of the jury the question of the care exercised by plaintiff and the absence thereof on the part of the defendant.   As was said in Kel-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

legher v. Forty-Second St., etc., Ry. Co., 171 N. Y. 309, 63 N. E. 1096:

"This charge was not justified. The questions whether defendant had exercised proper care in the management of its car, and, if not, whether such omission caused the injuries complained of, and whether the plaintiff was free from any negligence contributing to the injury, were questions to be determined by the triers of fact and not by the court."

The proof in the case at bar did not justify the court in determining these questions as matters of law. Kellegher v. Forty-Second St., etc., Ry. Co., supra; Schechwitz v. N. Y. City Ry. Co. (Sup.) 103 N. Y. Supp. 781; Fiori v. Met. St. Ry. Co., 98 App. Div. 49, 90 N. Y. Supp. 521.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.