ELIZA M. KELLEGHER, Respondent, *v.* FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILROAD COMPANY, Appellant.

171    309
77 AD 386

NEGLIGENCE — TRIAL — WHEN CHARGE PRACTICALLY WITHDRAWING QUESTION OF DEFENDANT'S NEGLIGENCE AND OF PLAINTIFF'S CONTRIBUTORY NEGLIGENCE FROM THE JURY IS ERRONEOUS. Upon the trial of an action for negligence an instruction that if the jury believed the witnesses called by the plaintiff, the act of a conductor in starting a car was negligent and constituted a cause of action in favor of the plaintiff constitutes reversible error, because it submits to the jury only the question of the credibility of his witnesses and practically withdraws from its consideration the questions of defendant's negligence and of the plaintiff's contributory negligence, which should have been submitted even if the evidence given by the plaintiff was to be believed.

*Kellegher* v. *Forty-second St. & St. N. A. Ry. Co.*, 56 App. Div. 322, reversed.

(Argued May 20, 1902; decided May 27, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 7, 1901, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Stewart Davison, Charles F. Brown, Henry Melville* and *Henry A. Robinson* for appellant. It was error to charge that if the jury believed the witnesses called by the plaintiff, then the act of the conductor was a negligent act, and defendant was liable. (*Thompson* v. *Seaman,* 67 App. Div. 58; *Kleiner* v. *T. A. R. R. Co.,* 162 N. Y. 193; *S. S. Nat. Bank* v. *Sloan,* 135 N. Y. 371; *Cass* v. *T. A. R. R. Co.,* 20 App. Div. 591; *Kain* v. *Smith,* 89 N. Y. 375; *Dolan* v. *D. & H. C. Co.,* 71 N. Y. 285; *Black* v. *T. A. R. R. Co.,* 2 App. Div. 387; *Dochtermann* v. *B. H. R. R. Co.,* 32 App. Div. 13; *Hart* v. *H. R. B. Co.,* 80 N. Y. 622; *McGrath* v. *M. L. Ins. Co.,* 6 N. Y. S. R. 376; *Brady* v. *Cassidy,* 9 Misc. Rep. 107; *Tholen* v. *B. C. R. R. Co.,* 10 Misc. Rep. 283.)

*George Murray Brooks* for respondent. It was not error to charge that, if the jury believed the testimony on the part of the plaintiff, she was entitled to recover. (*S. S. Nat. Bank* v. *Sloan,* 135 N. Y. 384; *Dochtermann* v. *B. H. R. R. Co.,* 32 App. Div. 13; *Akersloot* v. *S. A. R. R. Co.,* 131 N. Y. 599; *Smith* v. *K. R. R. Co.,* 55 App. Div. 143; *Kleiner* v. *T. A. R. R. Co.,* 162 N. Y. 193; *McDonald* v. *L. I. R. R. Co.,* 116 N. Y. 546.)

MARTIN, J. This action was to recover for personal injuries alleged to have been caused by the negligence of the defendant. The accident from which the injuries resulted occurred on April 25, 1897, at the corner of Seventy-ninth street and Amsterdam avenue in the city of New York. There was a conflict in the evidence as to the circumstances attending it. So far as essential to the question involved on this appeal the

facts claimed to be established by the plaintiff 'and her wit-
nesses may be briefly stated. At the place mentioned the
plaintiff attempted to board an open horse car running upon
the defendant's street railway and under its control. At least
three cars had passed which were crowded, so that the plain-
tiff and a friend accompanying her did not attempt to board
them. When the car in question approached, which was an
open horse car, the plaintiff nodded to the conductor to stop.
The car was stopped, two ladies alighted, and the plaintiff and
her friend intended to take the places upon the car thus left
vacant. The former took hold of the stanchion with her left
hand, stepped upon the side step or running board, raised her
foot to step between the seats, when, at a signal by the con-
ductor, the car started with a jerk and she was thrown to the
ground and received the injuries complained of. Her friend
made no attempt to board the car. The evidence upon the
part of the defendant was essentially different and such as
would have justified a verdict for the defendant if believed
by the jury.

The only question presented upon this appeal relates to the
charge of the trial court. It charged : " In this particular
case the circumstances testified to by the various witnesses are
of such a character that I may safely say to you that if you
believe the witnesses called by the plaintiff, who have testi-
fied to the circumstances under which the accident happened,
it must be said that the act of the conductor was a negligent
act, and such an act as may warrant a cause of action on behalf
of the plaintiff." To this portion of the charge the defend-
ant excepted. The court, after stating the position of the
defendant and the circumstances under which its witnesses
testified that the accident occurred, then charged that if that
was the way the plaintiff got off from the car and the way in
which the accident happened, she could not recover. It then
charged that the burden of proof as to the defendant's negli-
gence and as to her freedom from contributory negligence
was upon the plaintiff.

It is doubtless true that it is the duty of carriers of passen-

gers to allow persons entering their car a reasonable time within which to enter, and if it is prematurely started with such unusual or unnecessary violence as to do the passenger injury while entering, a jury may be justified in finding the defendant guilty of negligence. (*Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 673, affirming 3 Lansing, 469 ; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50 ; *Milliman* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 642 ; *Taber* v. *D., L. & W. R. R. Co.*, 71 N. Y. 489 ; *Bartholomew* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 716 ; *Mulhado* v. *Brooklyn City R. R. Co.*, 30 N. Y. 370 ; *Nichols* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 131 ; *Poulin* v. *Broadway and Seventh Ave. R. R. Co.*, 61 N. Y. 621.) If the charge in this case had been to that effect and the court had submitted the question to the jury as one of fact, there would have been no error. But such was not the charge. The instruction to the jury was that if it believed the plaintiff's witnesses, the defendant's conductor was negligent and the plaintiff had a cause of action. Thus, instead of submitting the evidence to the jury to find the facts necessary to constitute a cause of action in favor of the plaintiff, the court submitted to it only the question of the credibility of the witnesses, followed by the instruction that if the plaintiff's witnesses were to be believed, a cause of action was established. This charge was not justified. The questions whether the defendant had exercised proper care in the management of its car ; if not, whether such omission caused the injuries complained of, and whether the plaintiff was free from any negligence contributing to her injury, were questions to be determined by the triers of fact and not by the court. There was no such proof by the plaintiff as justified the court in determining these questions as matters of law, or in determining that the conductor was negligent, even if the facts were as testified to by the plaintiff. The inferences and conclusions to be drawn from that evidence were for the jury alone. The plaintiff's testimony did not show conclusively that the starting of the car was unusual, that any unnecessary jerk occurred, or that the conductor neglected

any particular act that it was his duty to perform. Besides, the jury might have found that the plaintiff was negligent in the manner in which she undertook to board the car. It is only in rare cases that a court is justified in holding that the acts of parties are negligent *per se.* The questions of negligence and contributory negligence are usually questions of fact to be determined as such. This is necessarily so, as there is seldom any arbitrary or absolute standard which can be applied to the facts of a particular case. As in this case there was no absolute standard fixed by law as to the care required of the plaintiff, except that she was bound to exercise ordinary care and prudence, it was for the jury and not for the court to determine what care she exercised and whether it reached the standard required. In the solution of that question the jury was to determine not only what, under the circumstances, would constitute ordinary care on the part of the plaintiff, but also whether her conduct was such as to fulfill that requirement. The standard by which the defendant's acts were to be judged was also largely a question of fact, and whether the acts proved came up to or were below that standard was peculiarly a question for the jury.

We are of the opinion that the court erred in charging that, if the jury believed the witnesses called by the plaintiff, the act of the conductor was negligent and constituted a cause of action in favor of the plaintiff, and that the court should have submitted the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence to the jury as questions of fact, even if the evidence given by the plaintiff was to be believed. (*Mulhado* v. *Brooklyn City R. R. Co.,* 30 N. Y. 370; *Keating* v. *N. Y. C. & H. R. R. R. Co.,* 49 N. Y. 673; *Eppendorf* v. *B. C. & N. R. R. Co.,* 69 N. Y. 195; *Black* v. *Brooklyn City R. R. Co.,* 108 N. Y. 640; *Morrison* v. *Bdway. & S. A. R. R. Co.,* 130 N. Y. 166; *Akersloot* v. *Second Ave. R. R. Co.,* 131 N. Y. 599; *Distler* v. *Long Island R. R. Co.,* 151 N. Y. 424; *Dochtermann* v. *Brooklyn Heights R. R. Co.,* 32 App. Div. 13; affirmed, 164 N. Y. 586.)

The portion of the charge excepted to practically withdrew from the consideration of the jury any question except the truthfulness of the plaintiff's evidence and tended to withdraw from it the determination of the facts established by the proof and the inferences to be drawn therefrom. Such an instruction was improper. (*Dolan* v. *D. & H. C. Co.*, 71 N. Y. 285.) Moreover, unless the only possible inferences deducible from the plaintiff's testimony were that the defendant was guilty of negligence and that she was free from contributory negligence, the court could not properly instruct the jury that, as a matter of law, the defendant was liable and the plaintiff was entitled to recover. (*Kain* v. *Smith*, 89 N. Y. 375, 384; *Salt Springs Nat. Bank* v. *Sloan*, 135 N. Y. 371.)

It follows that for the error pointed out the judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.