ports. A vast amount of important public business is transacted through the mails, and it is a matter of common knowledge that only an insignificant amount of properly directed mail matter fails of delivery. There seems to be no public necessity calling for the construction of the statute in the manner urged by the appellant. If it were so construed, there would, in all probability, be more failures of physicians to make their reports in person at the department than there are now when they may adopt the more convenient method of mailing those reports, following the usual custom which plaintiff testified is now in operation in the department. The section of this statute which is the basis of this action is penal in its nature, and its terms should not be enlarged by judicial construction, while the legislative intent as expressed in the statute can be affectively accomplished without the interference of the court.

The judgment appealed from should be affirmed, with costs.

FREEDMAN, P. J., concurs.

BISCHOFF, J. (concurring). From the testimony of the defendant it appeared that his report was mailed by him, postage prepaid, and addressed to the plaintiff, and concededly this was the practice in such cases adopted or acquiesced in by the plaintiff. The statute prescribed no particular method of making the report, and it was therefore competent to the plaintiff, though perhaps not to the exclusion of any other, to appoint one, and thus to indicate to the persons affected how and in what manner it would receive such reports. This it tacitly did by sanctioning the practice of mailing, with which the defendant was found to have complied. Hence no right of recovery against him was apparent. Edwards v. Mississippi Valley Ins. Co., 1 Mo. App. 192.

The judgment should be affirmed, with costs.

---

(42 Misc. Rep. 192.)

### DOERING v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 17, 1903.)

1. APPEAL—VERDICT—CONFLICTING EVIDENCE—CONCLUSIVENESS.
   A verdict based on conflicting evidence is conclusive as to the facts on appeal.

2. CARRIERS — INJURIES TO PASSENGERS — PREMATURE START — ACTIONS — INSTRUCTIONS.
   In an action for injuries to a passenger alleged to have resulted by reason of a premature start, an instruction that, in order for plaintiff to recover, he must prove that the accident happened substantially as he alleged; that it happened through the negligence of defendant's servants operating the car, and without any contributory negligence on plaintiff's part—that is, that the car was standing still, and, before plaintiff had an opportunity to board it, it was started; and that it made no difference how short a time it was standing still, if plaintiff boarded the car, and the conductor started it before plaintiff had a reasonable opportunity to get on the car, the defendant was liable—was not objectionable as withdrawing from the jury defendant's negligence as a question of fact, and

as instructing that defendant was liable irrespective of plaintiff's free-
dom from contributory negligence, which had been submitted in another
instruction.

Appeal from City Court of New York, Trial Term.

Action by Christopher Doering against the Metropolitan Street
Railway Company for injuries to plaintiff while in the act of boarding
defendant's car, alleged to have been prematurely started. From a
judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

Chas. G. F. Wahle, for respondent.

BISCHOFF, J. The action was by a passenger to recover for
personal injuries sustained by a fall from the car, which had come.
to a stop at his signal and was caused to start while he was in the act
of boarding it. There was no dispute as to the fact of the plaintiff's
mishap, the controversy being mainly as to the manner in which it
was brought about. Evidence given for the defendant tended to
show that it was the.result of the plaintiff's personal carelessness
in that he attempted to board the car while it was yet in motion, but,
in the absence of any degree of intrinsic improbability, we cannot say
that the jury erred in crediting the testimony of the plaintiff's wit-
nesses rather than that of the witnesses called for the defendant. It
was the jury's province to determine the question of credibility, and
with the preponderance of the evidence as thus established the ver-
dict for the plaintiff must be accepted as conclusive.

The validity of the plaintiff's recovery is assailed for one alleged
error in the ruling of the trial court. The justice charged the jury
as follows:

"For the plaintiff to recover he must prove that the accident happened sub-
stantially as he claims it happened, and that it happened through the negli-
gence of the defendant's servants operating the car, and without any con-
tributory negligence on the part of the plaintiff. Those three things are
necessary in the case for the plaintiff to recover; that is: First. That the
accident occurred in the manner in which he claims it did occur; in this case
that the car was standing still, and before he had an opportunity to board
it it was started. It does not make any difference how short a time it was
standing still; if the plaintiff attempted to board the car, and the conductor
started it before he had a reasonable opportunity to get.on the car, that was
negligence for which the defendant is liable. I charge you that."

This is criticised as withholding from the jury the defendant's neg-
ligence as ·a question of fact, and as being an instruction that the de-
fendant was liable irrespective of any question of the plaintiff's free-
dom from contributory negligence. Kellegher v. Forty-Second Street
R. R. Co., 171 N. Y. 309, 63 N. E. 1096, is relied upon as an author-
ity which calls for the reversal of the judgment appealed from. In
the Kellegher Case the charge was:,

"In this particular case the circumstances testified to by the various wit-
nesses are of such a character that I may safely say to you that, if you be-
lieve the witnesses called for the plaintiff who have testified to the circum-
stances under which the accident happened, it must be said that the act of

the conductor was a negligent act, and such an act as may warrant a cause of action on behalf of the plaintiff."

The vice of this charge was very clearly printed out by the court. Instead of submitting the evidence to the jury to find the facts necessary to constitute a cause of action in favor of the plaintiff, the court submitted to it only the question of the credibility of the witnesses, followed by the instruction that, if the plaintiff's witnesses were to be believed, a cause of action was established; and the constituent facts of the cause of the action, whether the defendant had exercised proper care in the management of its car, and, if not, whether such omission caused the injuries complained of, and whether the plaintiff was free from any negligence contributing to the injury, thus failed of submission to and determination by the jury. No such objection can be fairly made to the charge in the case at bar. It may not have been as full and as explicit as counsel desired, but that could have been obviated by a request for further instruction. We are here concerned with the claim that the jury were instructed.

That a carrier of passengers is under a legal duty to afford an intending passenger reasonable opportunity to board the car in safety before again starting it, if the starting will within reasonable apprehension have the effect of making the passenger's position insecure, and that a breach of this duty is negligence, for which the injured passenger will have a cause of action, provided he was free from all contributing fault, is an elementary proposition, well supported by the case above referred to. This proposition was all that the charge, as excepted to, imported, when taken with other portion of the charge which submitted the question of negligence and freedom from contributory negligence to the jury. A reasonable interpretation of the charge in the present instance makes it plain that the court did just that which was omitted in the Kellegher Case, and that it submitted the evidence to the jury, to say therefrom whether the constituent elements of the plaintiff's right of recovery appeared, and then proceeded to the instruction that, if such elements did appear, the plaintiff was entitled to a verdict. The judgment and order appealed from should be affirmed, with costs. All concur.