## ROSENSTOCK v. METROPOLITAN ST. RY. CO.

### (Supreme Court, Appellate Term. January 19, 1904.)

1. STREET RAILWAYS—CROSSINGS—INJURIES TO VEHICLE—QUESTION FOR JURY.

In an action against a street railway company for injuries to a vehicle occurring by a collision on the south track of defendant's road, witness for plaintiff testified that when the driver of the vehicle got his horse on the south track the car was still standing 50 or 60 feet away, but the driver did not testify that he looked when he crossed the southerly track, and the evidence, so far as he was concerned, showed that when he crossed the northerly track he saw defendant's car standing still at the distance stated. There was no evidence that the car was going rapidly before it struck the carriage, but there was evidence that plaintiff's driver was going very slowly. *Held*, that there was evidence for the jury to consider as to whether or not the driver was guilty of negligence in not looking again, and whether defendant was guilty of negligence, and it was error to dismiss the complaint.

Gildersleeve, J., dissenting.

Appeal from City Court of New York.

Action by Nathan Rosenstock against the Metropolitan Street Railway Company. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

C. Frankel, for appellant.

H. A. Robinson (Bayard H. Ames and F. Angelo Gaynor, of counsel), for respondent.

GREENBAUM, J. The action is for injuries to a coach belonging to plaintiff, due to the negligence of defendant's motorman in running it down. At the close of the plaintiff's case defendant's counsel moved to dismiss the complaint on the grounds that the plaintiff had failed to show facts sufficient to constitute a cause of action, or negligence on the part of the defendant, or that plaintiff's own servant was free from negligence. The motion was granted, and the case dismissed. From the judgment of dismissal the plaintiff appeals.

After a careful perusal of the testimony, and a consideration of the inferences to which the plaintiff is entitled, the dismissal cannot be sustained. The accident occurred at Madison avenue and Twenty-Third street. The witness Meisterich, the driver of the coach ahead, testified at folio 45 that "when Grill got his horse on the downtown south track the car was still standing at Broadway." Assuming, therefore, that the driver, Grill (the driver of the coach in question), did not testify that he looked when he crossed the southerly track, and that the evidence so far as he is concerned merely shows that when he crossed the northerly track he saw the defendant's car standing still at Broadway, we nevertheless find that another of the plaintiff's witnesses testified that as a matter of fact when Grill did cross the southerly track the car was still standing at Broadway. This is therefore evidence for the jury to consider as to whether or not, if they believe Meisterich's testimony, Grill was guilty of any negligence in not looking again upon crossing the southerly track. If the car was, as a

matter of fact, standing at Broadway when Grill crossed the southerly track, nothing would have been gained by his looking around before he entered upon that track. It seems to me, therefore, that we are bound to assume upon a motion to dismiss that the plaintiff is entitled to every inference and conclusion that may be drawn from the evidence. It was for the jury to say whether or not, under the circumstances, the plaintiff's driver was guilty of contributory negligence.

On the question of the defendant's negligence, inasmuch as the place where the accident happened was a crossing, and the rights of the parties were equal, and as there is no evidence that the car was going rapidly before it struck the plaintiff's carriage, it is a question for the jury to say whether, under all the circumstances, the defendant was guilty of negligence.

Nor do I think that because the evidence shows that the plaintiff's driver was going over very slowly that this would make any difference. Assuming that he was on the southerly track at the time when the car was at a standstill, 50 or 60 feet away, it cannot be said, as a matter of law, that he was bound to drive rapidly, or more rapidly than he was going, and it would seem to be a question for the jury to say whether the driver of the defendant's car should not have had his car under complete control until the plaintiff's carriage entirely cleared the southerly track. A different question might have been presented if the matter came before us upon a motion to set aside the verdict as against the weight of evidence; but on a motion to dismiss I think as the facts were brought out, and under the decision in the case of McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282, the court erred in dismissing the complaint. In the case of Kellegher v. 42d St. R. R. Co., 171 N. Y. 313, 63 N. E. 1097, the court states: "It is only in rare cases that a court is justified in holding that the acts of parties are negligent per se." The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.

GILDERSLEEVE, J. I must dissent. I think the plaintiff failed to make out a cause of action, and that the complaint was properly dismissed.