dismiss the complaint for failure to prosecute, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

George W. Smyth, for appellant.

Thomas J. O'Neill, for respondent.

INGRAHAM, J. This action was commenced on the 15th of November, 1906, and issue was joined the 12th of December, 1906. The case was never placed on the calendar, and issues of a later date have been tried. The action is to recover $10,000 damages caused by the death of the plaintiff's intestate. The only excuse offered was that the plaintiff's attorney found an entry on his register, dated August 29, 1906, that his managing clerk had directed his assistant not to place the case on the calendar, and the matter was not called to his attention. No affidavit of the plaintiff was presented, and nothing to show that this direction was not the result of a determination by the plaintiff to abandon the action, or that the delay was not the voluntary act of the plaintiff. The defendant having brought itself within the provisions of the Code of Civil Procedure which justifies the court in dismissing the complaint for failure to prosecute where younger issues have been tried, and no excuse having been offered for the delay, the motion should have been granted.

The order is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

### WOODS v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

TRIAL (§ 295*)—INSTRUCTIONS.

Where, in an action for injuries to a passenger while boarding a car, plaintiff testified that after she had put one foot on the running board and had taken hold of the stanchion the car started and threw her to the ground, and the company showed that plaintiff was in the car before it started, and that she attempted to jump off to rejoin companions who had not succeeded in getting on board, an instruction that if the car started while plaintiff was boarding it, and threw her off, the verdict should be for her, was erroneous, as withdrawing from the jury the questions of the company's negligence and plaintiff's freedom from contributory negligence, though the court charged as an abstract proposition that the company was negligent if it did not allow plaintiff a reasonable time to board the car, and that plaintiff was guilty of contributory negligence if she attempted to get off the car while in motion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

Appeal from Trial Term, Kings County.

Action by Mary A. Woods, by Bridget Woods, her guardian ad litem, against the New York & Queens County Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Vine H. Smith (Bayard H. Ames, on the brief), for appellant.

Henry M. Dater (George F. Elliott, on the brief), for respondent.

MILLER, J.    The plaintiff sues to recover damages for personal injuries which she asserts were caused by the negligence of the defendant's servants in suddenly starting a car which she was attempting to board.   Her version of the accident is that she had put one foot on the running board and had taken hold of the handle or stanchion at the side of the car, when it suddenly started and after going about 16 feet threw her to the ground.   The defendant's evidence tended to show that the plaintiff was well within the car before it started, and that she attempted to jump off in order to rejoin some of her companions, who had not succeeded in boarding the car.   The court charged the jury in substance that, if the car started while the plaintiff was in the act of boarding it and threw her off, the verdict must be for the plaintiff. There can be no doubt that, standing alone, such a charge presents reversible error.   Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096; Johnston v. New York City Railway Co., 120 App. Div. 456, 104 N. Y. Supp. 1039; Ward v. Metropolitan Street R. Co., 99 App. Div. 126, 90 N. Y. Supp. 897.

The respondent contends that the statement in question, as modified by the other parts of the charge, did not mislead the jury.   The court did charge as an abstract proposition of law that the defendant was negligent if it did not allow the plaintiff a reasonable time to board the car, and that the plaintiff was guilty of contributory negligence if she attempted to get off the car while it was in motion.   Those instructions, however, did not in any way modify the statement in effect that the plaintiff was free from contributory negligence and that the defendant's servants were guilty of negligence as matter of law in case the car started while the plaintiff was in the act of boarding it; whereas it was for the jury to draw the inferences of the defendant's negligence and the plaintiff's freedom from contributory negligence from the facts which they deemed established by the evidence.

The judgment and order must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.   All concur.