### GABEL v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Term.   November 24, 1908.)

TRIAL (§ 234*)—INSTRUCTIONS.

   A requested charge, in an action for injury sustained in attempting to board a street car, that, if the jury believed the witnesses for defendant, their verdict should be for defendant, was properly refused.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538; Dec. Dig. § 234.*]

   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Gabel against the Brooklyn, Queens County & Suburban Railroad Company for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

George D. Yeomans (A. M. Williams, of counsel), for appellant.
David Drechsler, for respondent.

SEABURY, J.   The charge which the counsel for the defendant requested the court to make was incorrect in form. The defendant's witnesses testified to facts tending to establish that the agents of the defendant were free from negligence, and that the plaintiff was guilty of contributory negligence. The request sought to have the court sub-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mit to the jury only the question of the credibility of the defendant's witnesses, instead of the question as to the negligence of the plaintiff and defendant. The court was correct in refusing to make the charge in the form in which it was requested. Kellegher v. 42d St., etc., Ry. Co., 171 N. Y. 309, 63 N. E. 1096. In Dolan v. D. H. C. Co., 71 N. Y. 285, 290, a request similar in its nature was before the court and Church, C. J., said:

> "It is not strictly proper to refer to the testimony of a witness, and ask the court to charge that, if the jury believe that witness, they must find in a certain way, or that a certain legal conclusion follows, because it prevents the jury from construing the evidence and determining what facts it does establish."

The judgment appealed from should be affirmed, with costs.
Judgment affirmed, with costs.

GILDERSLEEVE, P. J. (concurring). At the conclusion of the main charge the defendant requested the court to charge as follows: "If the jury believe the witnesses for the defendant, their verdict must be for the defendant"—and the court made this reply, "I decline to charge that otherwise than I have charged." The appeal, therefore, presents this question, viz.: In the instructions given had the rights of the defendant, in the event of the jury crediting the statements of defendant's witnesses, been specifically stated, with sufficient clearness and exactness to enable the jury to give the proper effect to the testimony of defendant's witnesses? The learned trial judge correctly informed the jury that it was the claim of the plaintiff that while in the act of boarding the car it started with a severe jerk, and threw him off, and as a consequence of that he sustained injuries; that it was defendant's claim that, while the car was still in motion, plaintiff ran after the car, and received injuries in being thrown in that way; and then added, "It is for you to determine in what manner this accident happened." The correct rule as to the burden of proof was then laid down, and the jury told that if they found "the defendant was negligent, and that the plaintiff was not guilty of contributory negligence, you will then consider the question of damages." There is absent from the charge a concise definition of what constitutes negligence, but no defect in that regard is urged, and we cannot say that the defendant was prejudiced thereby. I think the charge, as a whole, was a sufficient instruction to the jury. The request under consideration was not strictly proper, and its refusal, in the language stated, does not warrant a reversal of the judgment.

I am in favor of affirmance.

MacLEAN, J. (dissenting). The defendant appeals from a judgment entered upon a verdict in favor of the plaintiff in an action to recover damages for personal injuries, and claims prejudicial error in the refusal of the court to charge its request: "That, if the jury believe the witnesses for the defendant, their verdict must be for the defendant." The theory of the plaintiff was that, while in the act of boarding defendant's car which was at a standstill, it started with a jerk, and he was thrown off. The theory of the defendant was that

while the car was rounding a curve the plaintiff ran after the car, and collided with a boy, and was thrown. Had the court instructed the jury that, if they believed the witnesses for the plaintiff, their verdict must be for the plaintiff, such instruction would, in view of the evidence, have been erroneous, because that would have taken the question of negligence and of contributory negligence from the jury and determined them as law. Kellegher v. 42d St., etc., R. R. Co., 171 N. Y. 309, 312, 63 N. E. 1096. It was erroneous, however, to refuse the above specific request of the defendant, because, if the witnesses for the defendant were believed, under their theory of the accident the negligence of the defendant could not enter. Being entitled thereto, it was error to refuse the request. Meeker v. Smith, 84 App. Div. 111, 81 N. Y. Supp. 1067. The judgment should therefore be reversed, and a new trial ordered.