DINKELSPIEL v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.  November 30, 1908.)

1. CARRIERS (§ 321*)—STREET RAILWAYS—SUBWAYS—INJURIES TO PASSENGERS AT STATIONS—ACTIONS—INSTRUCTIONS.

   In an action by a passenger against a subway carrier for injuries from stepping into an opening in the station platform while boarding a car, a charge that, if certain circumstances were found to exist, the carrier was negligent in not providing sufficient light in and about the platform and guards around the opening to avoid injury, "as testified to by the plaintiff," was erroneous, as requiring a higher degree of care than the law requires; since the carrier was not an insurer of the safety of passengers, but was only required to exercise reasonable care in that respect.

   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 321.*]

2. CARRIERS (§ 321*)—STREET RAILWAYS—SUBWAYS—INJURIES TO PASSENGERS AT STATIONS—ACTIONS—INSTRUCTIONS.

   The charge was also erroneous as making plaintiff's testimony, rather than the rule of law, the test of the carrier's liability.

   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 321.*]

Appeal from City Court of New York, Trial Term.

Personal injury action by Hortense Dinkelspiel against the Interborough Rapid Transit Company.  Judgment for plaintiff, and defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY, J.

Charles A. Gardiner (Bayard H. Ames and Walter Henry Wood, of counsel), for appellant.

Kurzman & Frankenheimer (Ferdinand Kurzman and Walter Frank, of counsel), for respondent.

SEABURY, J.  This is an action to recover damages for an injury which the plaintiff claims she sustained through the alleged negligence of the defendant.  The plaintiff, while attempting to board one of the defendant's cars at the Times Square subway station, fell into the space between the platform and the car, and was injured. The car stopped at a curve, and the space between the platform and the car varied from five to eleven inches.  The plaintiff claims that at the place where she attempted to board the car there were no lights, that the platform was dark, that the space between the platform and the car was not guarded, and that she received no warning.

The trial court charged the jury as follows:

"Now, if you find that the plaintiff did not know whether there was an open space there, and if you find from the evidence that that space, if it did exist, was not properly guarded, or there was not sufficient light in and about the platform, then under those circumstances the defendant is guilty of negligence in not providing sufficient light and guards to avoid injury, as testified to by the plaintiff."

In making this charge to the jury we think that the learned court did not accurately state the rule of law applicable to this case.  The legal duty which the defendant was under to passengers was not to provide "sufficient light and guards to avoid injury," but to keep the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

passageway from the platform to their cars in a reasonably safe condition. The defendant was not an insurer of the safety of this passenger in attempting to board this car, but was only required to exercise reasonable care and prudence. The rule as declared by the learned trial court imposed upon the defendant the duty of providing "sufficient light and guards to avoid injury." This instruction to the jury required a greater degree of care from the defendant than the law required it to exercise. The statement that, if the jury found certain facts, the defendant was guilty of negligence "in not providing sufficient lights and guards to avoid injury, as testified to by this plaintiff," was also a faulty charge as making the plaintiff's testimony, rather than the rule of law, the test of the defendant's liability. There were also other rulings throughout the trial which in our judgment were incorrect, but as the judgment must be reversed for the reasons already stated it is not necessary to discuss them.

While we are of the opinion that this judgment should be reversed, we think it proper that we should say that a careful review of the record convinces us that the criticisms of the trial justice contained in the brief of the appellant are unwarranted and in no way justified by the record. Against such criticisms a trial justice cannot defend himself, and, when made without warrant, they reflect not upon the trial justice, but upon the counsel who makes them.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. MacLEAN, J., took no part.