accident as soon as it occurred, and that, looking around, he saw the plaintiff on the street with the conductor, and realized that there was something the matter. Two or three witnesses who were passengers testified that their attention was attracted by a "hubbub" outside the car, and that they noticed that a lady had fallen; and an attorney at law, employed by the company and who chanced to be on the car, testified that after the plaintiff had fallen he went to her, gave her his card, and told her that if she had a grievance against the company she should present it to the claim department. He does not say that he went over to the sidewalk to do this, and it would be difficult to imagine his doing so, had the lady fallen on the sidewalk. All this is inconsistent with the claim, asserted by the defendant on the trial, that the accident occurred upon the sidewalk after the plaintiff had safely alighted, and when, in that event, the car would have proceeded without further notice.

The judgment and order should be affirmed. All concur, except JENKS, J., who dissents.

---

## OLSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 22, 1909.)

TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

Where, in an action against a street railroad for injuries to plaintiff, a passenger, while alighting from a car, the question was whether the car stopped before plaintiff stepped off, and no fact was shown on which a finding that the starting was not premature and negligent could rest, assuming that the car stopped to let plaintiff off, an instruction that if the car stopped on plaintiff's signal, and she endeavored to alight, and as she was stepping down the car started up again, she would be entitled to recover, was not erroneous, as ignoring the question whether the car was negligently started, by reason of the omission of the word "negligently."

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616; Dec. Dig. § 253.*]

Jenks and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Kristn Olson against the Brooklyn Heights Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

D. A. Marsh, for appellant.

John M. Wellbrock (J. Arthur Hilton and Arthur J. Levine, on the brief), for respondent.

GAYNOR, J. The plaintiff claimed, and produced testimony to show, that the car stopped on her signal to let her off, and that as she was stepping down it was started up and threw her off. The defendant claimed, and produced testimony, that the plaintiff stepped off the car before it had stopped at all, and that she was hurt in that way.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The question litigated was whether the car stopped before she stepped off. The trial judge charged that:

"If the car stopped and the lady attempted to alight—if the car stopped on her signal and she endeavored to alight, and, as she was stepping down, the car started up again, then she would be entitled to recover."

It is claimed that this took from the jury the question whether the car was negligently started. The question is a troublesome one under the decisions. Kellegher v. 42d St. R. Co., 171 N. Y. 309, 63 N. E. 1096; Woods v. N. Y. & Q. Co. R. Co., 128 App. Div. 235, 112 N. Y. Supp. 680. But, really, was it error in this case to omit the word "negligently"? If the car stopped to let her off, was it not negligent as matter of law to start it while she was in the act of stepping down? It seems to me it was. The case is distinguishable from those cited, in that it comes down to the precise point whether the car started up while the plaintiff was stepping down, after having stopped to let her off. If some other question entered into the case, the charge might have been erroneous. No fact was shown on which a finding that the starting was not premature and negligent could rest, assuming that the car was stopped to let her off.

The judgment should be affirmed.

Judgment and order affirmed, with costs. WOODWARD, J., concurs. BURR, J., concurs in result. JENKS and MILLER, JJ., dissent.