GOLDSTEIN v. WERBELOVSKY.

(Supreme Court, Appellate Division, Second Department.    November 23, 1910.)

TRIAL (§ 253*)—INSTRUCTIONS.

An instruction in an action for injury to a servant, claimed to have been due to a defect in a machine, that if plaintiff's statement that the foreman, after examining the machine and doing what he did to it, told plaintiff that it was safe and that he could return to work, and relying thereon, not knowing the contrary, as to its safety, he did so, he would not be guilty of contributory negligence, was erroneous; there being various matters which might constitute contributory negligence, entirely apart from the alleged assurance, which was several days before the accident, and after which, up to the time of the accident, the machine worked all right.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. §°253.*]

Hirschberg, P. J., dissenting.

Appeal from Kings County Court.

Action by Samuel Goldstein, an infant, by William Hawkin, his guardian ad litem, against Jacob H. Werbelovsky.    From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals.    Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

James J. Mahoney (M. J. Wright, on the brief), for appellant.
Charles Goldzier (Moses H. Grossman, on the brief), for respondent.

WOODWARD, J.    The plaintiff has a judgment for $1,173.38 entered upon the verdict of a jury in an action to recover damages for personal injuries.    Plaintiff was employed to operate a glass-polishing machine, which consists of a wheel of wood, covered with felt, and turned at the rate of 200 to 250 revolutions a minute.    The process of operating is to wet the felt and apply rouge, and then to hold the beveled edge of the glass against the revolving wheel.    The contrivance is about as simple as it is possible to conceive of, and the plaintiff's testimony shows that, while thus operating this machine, the plate glass, weighing about 30 pounds, broke, and cut the plaintiff's arm.    It is impossible to tell from the evidence what caused the glass to break. It is the plaintiff's theory that the felt covering had worn down thin, exposing the nail heads which had been used in fastening the felt to the wheel in the usual manner, and that one of these nail heads coming in contact with the glass had produced the break, but it hardly seems possible that a revolving wheel could have worn down in such a way as to leave the nail heads exposed so as to break the glass without its having been obvious for some time that the nail was protruding, and the plaintiff, who had worked in the place for eight months and who had worked upon this particular machine, should have observed the condition and made the ordinary repairs which the situation demanded.    But, passing this, the evidence does not show that this was the cause of the break.    The evidence shows that the felt, if let run dry, would heat the glass and cause it to break, and that the plaintiff,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

holding the glass upon the wheel, called to one of his co-employés to come and put water on the wheel, and that at about this time the plaintiff says he heard a peculiar click or noise and the glass broke. Here was a condition which invited a break—the felt was dry enough so that the operator realized that it needed wetting. He does not pretend to say that he had observed whether the glass was hot or not, but when the co-employé placed water on the wheel it was followed by the noise which he describes and the breaking of the glass. Clearly it was quite as likely that the glass, held snugly to the revolving wheel, had become heated, and that the application of water caused the break, as that the break was caused by the nail heads. It is equally clear that the plate of glass may have been inadvertently pressed too hard upon the wheel, the leverage, with the heating at the given point, producing the break. One thing is certain, the plaintiff does not clearly point out the cause of the injury. It is left entirely to speculation, and in such a case it is not in the interests of justice to permit the jury to guess. The gravamen of the action is the alleged negligence of the defendant in not supplying a reasonably safe machine or appliance, and, without disclosing any particular defect which resulted in the accident, the jury has been permitted to hold the defendant liable, a result which cannot be justified by any rule with which we are familiar.

The court, after charging the jury upon the rules of law governing the case, was asked to charge:

"If the jury believe the statement of the plaintiff that the foreman, after examining this machine and doing whatever work he did, told the boy that it was safe and that he could return to work, and that the plaintiff, relying upon that statement, not actually knowing to the contrary, as to its safety, and resumed his work under such conditions, then the plaintiff would not be guilty of contributory negligence."

And the court so charged. The defendant excepted to this charge, and now urges that this constituted reversible error. As we have already pointed out, it was not shown that the alleged defect, which the foreman had repaired, was the cause of the accident, but beyond this there were various matters which might constitute contributory negligence, entirely apart from this alleged assurance on the part of the foreman. The question was not whether the jury believed the plaintiff as to a particular matter, but whether the facts as brought out by the evidence justified a holding that the plaintiff had been free from contributory negligence at the time of the accident. The alleged assurance on the part of the foreman was given, not at the time of the accident, but two or three days before, and the witness had testified that the machine worked all right after the alleged assurance, and up to the time of the accident. See Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 312, 63 N. E. 1096. We agree with the defendant that this charge was erroneous, and that it justifies a reversal of the judgment.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

BURR, J., concurs. RICH and CARR, JJ., concur on the last ground stated in the opinion. HIRSCHBERG, P. J., dissents.