### MARSTON v. WHITRIDGE.

(Supreme Court, Appellate Term.   February 8, 1912.)

1. TRIAL (§ 253*)—INJURY TO PASSENGER—INSTRUCTIONS.

In an action for injuries to a street car passenger, in which the issue was whether plaintiff was thrown to the street by a violent jerk while waiting for the car to stop so that she could alight, or whether she stepped off before the car had come to a standstill, it was improper to instruct that, if the plaintiff was thrown off the car, the verdict must be for plaintiff; it being for the jury to find whether the injury was due to defendant's negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

2. TRIAL (§ 296*)—INSTRUCTIONS—CURE OF ERROR.

Nor was the error cured by a further instruction that, if the accident happened as described by defendant's witnesses, the verdict should be for defendant, as one erroneous instruction cannot be cured by another.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–718; Dec. Dig. § 296.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Mary Marston against Frederick W. Whitridge, as receiver of the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

James L. Quackenbush (Paul A. McQuaid, of counsel), for appellant.

Kindleberger & Robinson (Charles P. Robinson, of counsel), for respondent.

GERARD, J. This action is brought to recover damages for personal injuries alleged to have been sustained by plaintiff. The claim of plaintiff was that, while a passenger on one of defendant's cars, and after she had arisen from her seat preparatory to leaving the car at a crossing, the car was so operated as to cause a violent jerk or bump, in consequence of which she was thrown from the car to the street. A number of witnesses testified that there was nothing irregular in the operation of the car at the time referred to by plaintiff. The sole issue was as to whether the plaintiff was thrown to the street by reason of a violent jerk, or had stepped from the car through carelessness while the car was coming to a stop.

[1] The learned court below charged the jury as follows:

"You have heard the plaintiff testify she was thrown off the car. If so, you must render a verdict in favor of the plaintiff."

Defendant's counsel duly excepted to this charge. This form of charge has been condemned in Kellegher v. Forty-Second Street Railway Company, 171 N. Y. 309, 63 N. E. 1096, where the court said:

"Where the liability of the defendant is based upon negligence, to establish such liability, the jury must find that the injury was caused by the negligence of the defendant; and it is error for the court to charge, as a matter of law, that, if the facts are as testified to by the plaintiff's witnesses, the plaintiff is entitled to a verdict."

[2] The fact that the learned court below charged, at the request of defendant's counsel, "that, if the accident happened in the manner described by defendant's witnesses, then the verdict of the jury should be for the defendant," did not cure the error, because, if there was an erroneous charge, a second erroneous charge would not cure the error of the first. The charge withdrew from the consideration of the jury the essential elements of the negligence of defendant and the contributory negligence of the plaintiff, or at least did not make this question clear, and contained the above erroneous instruction. For this reason the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.