### BARRY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

TRIAL (§ 253*)—INSTRUCTIONS—WITHDRAWING ISSUES.

In an action for injuries to a passenger leaving an elevated railroad station, an instruction to find for plaintiff if his trousers were caught in a screw located in the stairs leading to the street, and the screw had been there for a period of time, is erroneous, as withdrawing from the jury the question of defendant's negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from City Court of New York, Trial Term.

Action by Patrick Barry against the Interborough Rapid Transit Company. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

James L. Quackenbush, of New York City (P. Ingram Jones, of New York City, of counsel), for appellant.

W. Burdell Banister, of New York City, for respondent.

GERARD, J. Action brought by plaintiff to recover damages by reason of defendant's alleged negligence. The plaintiff became a passenger of the defendant by paying his fare and boarding an elevated train. As he was descending the elevated railroad stairs leading to the street, according to the testimony of his witnesses, he was caused to fall by reason of his trouser leg at the bottom catching a screw which

was protruding about half an inch from the level of the platform. The learned court below in effect charged the jury that if by no fault of his own—

"the leg of his trouser was caught in that screw, and thereupon he was precipitated to the street below and received the injuries complained of, then, gentlemen, the plaintiff would be entitled to damages, providing that that screw was there for a period of time before the plaintiff received his injuries."

And also:

"If you conclude from all the evidence in the case that the screw was there for a period of time before the alleged accident to the plaintiff, and that the plaintiff, without fault on his part, was injured by reason of that screw being caught in his trousers, then the plaintiff is entitled to a verdict."

Defendant duly excepted to these portions of the charge. It is true that at another part of the charge the learned court said:

"It is for you to say, from those facts: Was the plaintiff in any way negligent in descending the staircase at that time, or was the defendant guilty of negligence?"

But the charge in the main can hardly be said to have left to the jury the question of the defendant's negligence. Woods v. N. Y. & Q. C. R. Co., 128 App. Div. 235, 112 N. Y. Supp. 680; Dinkelspiel v. Int. R. T. Co. (Sup.) 113 N. Y. Supp. 187. It has often been held erroneous to charge the jury that a party was negligent for not doing a specific act, while purporting to submit to them the very question whether there was negligence.

The charge in question, duly excepted to, apparently took from the jury the question of the defendant's negligence in charging them that, if they found that the screw was there "for a period of time" before the accident, they should find for the plaintiff, and for this reason the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.