Margherita Conti, Appellant, *v.* The New York Central Railroad Company, Respondent.

Second Department, May 9, 1919.

Negligence — action by passenger against railroad company for personal injuries — instruction to jury not withdrawing from them question of defendant's negligence — instruction as to burden of proof and as to permitting defendant to call witness inadvertently omitted.

In an action by a passenger against a railroad company for personal injuries, instructions to the jury examined, and *held*, not to have withdrawn from them the question of defendant's negligence, and to have been sufficient in so far as they related to the burden of proof, and that the action of the trial justice in opening the case to permit defendant to call a witness inadvertently omitted was proper.

Appeal by the plaintiff, Margherita Conti, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 28th day of February, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the

minutes, as resettled by an order entered in said clerk's office on the 15th day of March, 1917.

The action was to recover damages for personal injuries.

*Henry K. Heyman* [*Frederick P. Close* with him on the brief], for the appellant.

*John F. Brennan,* for the respondent.

PER CURIAM:

The only question which we think it necessary to discuss is the appellant's claim that the charge of the learned trial justice withdrew from the jury the question of defendant's negligence and was contrary to the law as declared in *Kellegher* v. *Forty-second Street, etc., R. R. Co.* (171 N. Y. 309) and kindred cases in which trial justices have said to juries that the right to recover depended on whether they believed the witnesses for plaintiff or defendant, and where it has been held that the only question submitted was the credibility of the witnesses without appropriate instructions on the issues of negligence and contributory negligence. We are of opinion that the criticism does not apply to the charge in this case The excerpts from the charge contained in the points of the learned counsel for the appellant do not contain the instructions of the trial justice as a whole. He went over the various contentions of the plaintiff carefully and in detail. He called the attention of the jury to plaintiff's claim that after she had boarded the car she was interfered with in some way by one of defendant's employees, who either " tried to push her off or pull her on," and that her claim was that the accident was occasioned by defendant's failure to afford her reasonable time and opportunity to board the train and reach a safe place before starting it. The jury were told that if the accident happened in that way, the defendant would be liable. The trial judge then related the evidence of defendant's witnesses tending to show that the train was not started until all the passengers had boarded it safely, the station platform being entirely clear of passengers, and that when the train started the plaintiff was not in sight, that she was not on the station platform or coming down the steps leading to the

platform, and that after the train had started she ran down the stairs leading to the station platform, ran after the train which was in motion, grasping the handrail, and in that way was thrown and injured. The judge said: " If she was injured while in the act of getting on this train while it was in motion, she cannot recover. If she ran down the steps and on to the platform and grabbed some part of this car after it had been started forward, then that ends her case, she cannot recover." We think the charge as a whole presented the plaintiff's claims fully and fairly to the jury. It was urged that the jury might have found that she boarded the car while it was in motion and was in a place of safety when she was thrown by the act of the employee. There was no evidence before the jury to justify such finding. It would have been mere speculation. Plaintiff herself made no such claim in her complaint or upon the witness stand. No exception was taken to the charge, which was certainly as favorable to plaintiff as she had any right to expect. No request for additional instruction was made. The plaintiff suffered severe injury and her case is a pitiable one, but the jury was entirely justified in finding for the defendant and a verdict for the plaintiff would have been contrary to the evidence. We think the trial justice left the facts and the inferences to be drawn therefrom to the jury, and that the charge does not offend the law of the *Kellegher Case (supra)*. The other questions raised by the appellant as to the charge concerning the burden of proof, and the action of the trial justice in opening the case to permit defendant to call a witness inadvertently omitted, have been examined and we find no error.

The judgment and order should be affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.