ing. No claim was made upon the trial that the construction of the cellar door was inadequate or negligent. The plaintiff based her claim upon failure to repair.

The defendant, the owner, is not liable in this case. As between him and his tenant, he was under no duty to make repairs; the lease containing no covenant to that effect. Witty v. Matthews, 52 N. Y. 512; Clancy v. Byrne, 56 N. Y. 129, 15 Am. Rep. 391. In Trustees of Canandaigua v. Foster, 156 N. Y. 354, 361, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575, where a grate actually in the sidewalk itself had caused injury because of its being out of repair, it was held that, upon the transfer by the owner of entire possession of the premises to another, the duty to repair would be cast upon the grantee; and this language is used:

"So a lease of the entire premises and possession thereof by the tenant would doubtless throw the burden upon the latter. Shearman & Redfield on Negligence (5th Ed.) §§ 710, 713.   *   *   *   If he [the owner] parts with the premises, or parts with the possession thereof for a period, the burden falls on his successor in title or possession."

The judgment and order should be reversed.

Judgment and order reversed and new trial granted, costs to abide the event. All concur.

---

(120 App. Div. 456)

### JOHNSTON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. CARRIERS—INJURIES TO PASSENGERS—TAKING UP PASSENGERS.

Where plaintiff was injured in attempting to board a street car, the company is liable, in the absence of contributory negligence, if its servants in charge of the car knew, or should have known, that the plaintiff intended to take passage and did not afford him a reasonable opportunity to do so safely.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1159.]

2. TRIAL—INSTRUCTIONS—INVADING PROVINCE OF JURY.

Where plaintiff was injured in attempting to board a street car, it was error to instruct that he was entitled to a verdict if the jury believed his testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 439, 443.]

Appeal from Municipal Court, Borough of Queens, First District.

Action by Robert Johnston against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

William E. Weaver, for appellant.

John Hetherington, for respondent.

JENKS, J. The action is for negligence. The testimony for the plaintiff is as follows: He stood at a street corner in the borough of Manhattan, and when the open car of the defendant reached his standpoint it was stopped for passengers both to alight and to board the

car. Of the latter class there were four or five, of whom he was the last. As he attempted to get on, he took hold of the rail by his hand, and put one foot on the step, when the car went on with full force, dragging him for half a block. The defendant was liable if, in the absence of contributory negligence, it knew, or should have known, that the plaintiff intended to take passage, and therefore if it did not afford to him a reasonable opportunity to board the car in safety. Sexton v. Metropolitan Street R. Co., 40 App. Div. 26, 57 N.Y. Supp. 577. But the question of the defendant's negligence was not one of law, even if the plaintiff's version was credited. Hence the court erred when it instructed the jury, under exceptions, both in the main part of the charge and also thereafter when the defendant pointed out the instruction, that the plaintiff must have the verdict if the jury believed his version, for such instruction in effect required the jury to find the defendant negligent if the jury believed the plaintiff. In fine, the defendant's liability was to be determined alone by the plaintiff's credibility. This was reversible error under the doctrine of Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096.

There must be a new trial.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.