### DAKIN v. ELMORE et al.

(Supreme Court, Appellate Division, Third Department.    June 18, 1908.)

1. TROVER AND CONVERSION—INSTRUCTIONS.

Plaintiff brought personal property to defendants' place, and asked them to hold it until a person living in the neighborhood should call for it.    Defendants delivered the property to an employé of such neighbor, who called for the same.    Plaintiff afterwards made demand on defendants for the property, and defendants searched for, but could not find same.    In an action for conversion, the court charged that when the plaintiff asked for the property, and defendants did not deliver it to him, defendants were guilty of conversion, and refused an instruction asked by defendants that a demand and refusal did not establish conversion, where at the time of the demand the property was not in the possession of the defendants or was not in existence.    *Held* error, since the real issue in the case was as to whether defendants had delivered the property according to plaintiff's directions.

2. SAME—PLEADING.

In an action for conversion, a complaint, alleging that by defendants' failure to deliver to plaintiff property belonging to him he was damaged $583, for which sum, with interest, he demands judgment, was insufficient to support an allowance for the usable value of the property.

**3. SAME—DAMAGES.**

> Plaintiff left three rollers at defendants' place, requesting them to deliver them to a neighbor, who would call for same. An employé of the neighbor called on defendants,. and they delivered the rollers to him. Plaintiff thereafter made demand on defendants for the property, and defendants made search for the rollers, but could not find them. *Held*, in an action for conversion, that, if defendants were liable at all, plaintiff was entitled to recover no more than the value of the property, with interest.

Appeal from Trial Term, Schenectady County.

Action by John H. Dakin against Mike Elmore and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edgar T. Brackett (Charles G. Fryer, of counsel), for appellants.
Fenwick & De Voe (Milton E. De Voe, of counsel), for respondent.

JOHN M. KELLOGG, J. This action was brought to recover for the conversion of three Dudgeon flue rollers, a swedge and calking tools, which the plaintiff claims to have loaned to the defendants, and which they, after demand made, failed to return. The defendants claim that plaintiff brought two of the flue rollers to their place, saying he was taking them to the camp of a 'neighbor, the location of which he did not just know, and he asked the defendants if they would take them and hold them until the other party called for them, and' would also deliver with them one flue roller which the defend-.ants had concededly borrowed from the plaintiff; and the defendants claim that the flue rollers were delivered to a workman from the neighboring camp, who called for them. It also appeared that, after demand had been made for the rollers and the defendants were unable to find them, the defendants said they would pay for them, and the plaintiff replied he would rather have the rollers, and thereupon the defendants asked him· what sized rollers he wanted, and he gave them the sizes. Defendants immeditely ordered the rollers by telegram, and they arrived by express, and within a few days they wrote the plaintiff that the rollers had arrived and were subject to his order, and when, a few days after the plaintiff's attorney called upon them to make a demand for payment for the rollers and the use of them, defendants told him the rollers were there and he might take them, to which he replied they would not accept them, as he wanted pay for the time they had them.

The evidence tends to show that the value of the property in question was about $45. The verdict was for $209.06, the county judge having permitted the jury to award the plaintiff the usable value of the flue rollers after the alleged conversion, if they found they had such value; the defendants claiming that under the complaint, no reference being made to usable value, the plaintiff was only entitled to recover the value of the articles, with interest. Defendants excepted to the charge of the trial judge that as matter of law:

"When the plaintiff asked for the flue rollers, and they did not deliver them to him, they were guilty of conversion."

The defendants also excepted to the refusal of the court to charge that a demand and refusal did not establish conversion, where at the time of the demand the property was not in the possession of the defendants or was not in existence. I think the charge made and the refusal to charge were errors. The real question litigated was not whether there had been a demand and a failure to deliver, which was practically conceded, but whether the defendants had delivered the articles according to directions of the plaintiff and thereby put themselves out of possession of them. The effect of the charge, therefore, could only be to mislead the jury.

The damages awarded are excessive. The complaint is the ordinary complaint for conversion, alleging that by failure to deliver the articles plaintiff was damaged $583, for which sum, with interest, he demands judgment. This gave no notice of any claim for special damages, and I do not think the evidence warranted any damage to the plaintiff on account of the alleged conversion over the value of the articles, with interest.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.