### COOKE v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. June 30, 1908.)

TRIAL—INSTRUCTIONS—INVADING PROVINCE OF JURY.

> An instruction in an action for negligence that if the jury believe plaintiff's testimony, though it be not corroborated, they "shall" find for him, is erroneous, as an invasion of the province of the jury; some portions of his testimony, on cross-examination, being of such a nature as to warrant a finding of contributory negligence, and in any event it being for the jury to determine whether or not he acted as would a man of ordinary prudence under the circumstances.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 413, 439, 441.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Harry W. Cooke against the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Anthony J. Ernest, for appellant.

Corbin & O'Ryan, for respondent.

PER CURIAM. The action is for personal injury. The plaintiff, who is the only witness in his own behalf, states that he started to get onto the car when the latter was at a standstill; that the car started up before he had a chance to get on, and he was injured. On cross-examination he made admissions which would warrant a belief that he attempted to get on the car when it was in motion. The motorman, conductor, and accident clerk claim no such accident took place,

so far as they had any knowledge on the subject. The charge as a whole was correct; but at the end of the charge, in response to a request of the plaintiff's counsel, the court charged as follows:

"Gentlemen of the jury, you are charged that if you believe the testimony of the plaintiff, even though there be no testimony in corroboration of his testimony, you shall then find for the plaintiff."

This was error. Johnston v. Railway Co., 120 App. Div. 456, 104 N. Y. Supp. 1039. The court did not say "may find," but directed the jury imperatively that they "shall find," for plaintiff. Some portion of the testimony of plaintiff was of such a nature that the jury could have well found him guilty of contributory negligence, as above stated; and, in any event, it was a question of fact for the jury to determine whether or not he acted as would have a man of ordinary prudence under the circumstances stated. The instructions of the court above quoted were an invasion of the province of the jury, and must have been prejudicial to the defendant, especially as they were given just before the jury retired, and must have, therefore, remained particularly impressed upon their minds.

There are other errors in the case, which need not be here discussed, as the above instruction calls for a reversal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.