his office, as that the execution of the trust or power in trust is made expressly dependent upon the will of the trustee, it is necessarily personal and discretionary and does not pass to the substituted trustee. Coleman v. Beach, 97 N. Y. 545; Benedict v. Dunning, 110 App. Div. 303, 97 N. Y. Supp. 259.

I am of the opinion, therefore, that the language above quoted, taken from the third clause of the will, gave a power to the executors which was personal and one of confidence and trust and cannot be delegated to or assumed by a substituted trustee.

It is true that two of the executors were old men and the opportunity for advancement might extend over a long period. This, however, does not permit us to change the language of the will. It was evidently the intention of the testator that advancements could be made only when a majority of the trustees deemed it advisable. That was necessarily a condition precedent to such payment; and it may be inferred from the language of the will that advancements from the corpus of the estate and beyond the income of the respective shares were not regarded by the testator as of great importance, but, rather, it appears that his uppermost wish was to restrict the bequests to his children to the income or use of the shares mentioned and carry the estate on to the grandchildren.

I have therefore come to the conclusion that the substituted trustee has not the power given by the will to the trustees named therein. Findings and conclusions may be prepared accordingly.

The taxable costs of the parties who have appeared should be allowed and paid from the estate.

Judgment accordingly.

---

(69 Misc. Rep. 595.)

## OLPP v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.     December 8, 1910.)

1. TRIAL (§ 194*)—INSTRUCTIONS—INVASION OF PROVINCE OF JURY.

   In an action against a carrier for personal injuries, which were received by plaintiff's fall on ice which had collected on defendant's platform, the court charged the jury that it was the duty of the company to make the platform safe within a reasonable time, and further charged that if the storm which caused the ice had practically abated, and the company did not do something to render the platform safe, it was guilty of negligence. *Held*, that this charge was erroneous, for it in substance instructed the jury that the defendant was negligent unless something was done within a reasonable time; the question of negligence being one for the jury.

   [Ed. Note.—For other cases, see Trial, Dec. Dig. § 194.*]

2. CARRIERS (§ 280*)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—DEGREE OF CARE.

   A railroad company is not an insurer of its passengers, but is required to exercise an ordinary degree of care in the operation of its road, in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it is devoted.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1106, 1109, 1117; Dec. Dig. § 280.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. APPEAL AND ERROR (§ 1031*)—REVIEW—HARMLESS ERROR—PRESUMPTIONS
   OF PREJUDICE.
   Where an instruction is given which is erroneous, it must be presumed
   that such error was prejudicial, and the error is ground of reversal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–
   4046; Dec. Dig. § 1031.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles F. Olpp against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

James L. Quackenbush (Anthony J. Ernest, of counsel), for appellant.

William E. Lowther, for respondent.

GUY, J. This appeal is taken by defendant from a judgment upon the verdict of a jury in an action for damages for personal injuries. The plaintiff testified that in alighting from one of defendant's cars, on which he was a passenger, he slipped upon a coating of ice that had formed on the edge of the platform of the station. At this station the platform is elevated. The station platform was closed on three sides, and roofed over at the place where the plaintiff alighted.

The principal question at issue was whether the defendant was negligent in allowing the ice to form and continue to exist upon the platform. The evidence shows it had been raining and sleeting during the day, and had hailed during the evening, and that this rainy and sleeting condition continued until about the time of the accident. There was evidence that employés of the defendant scattered sand and ashes on the platform during the course of the evening, but that the prevailing wind blew them away. In submitting the case to the jury, the court charged:

"It was the duty of the company within a reasonable time to make that platform safe for its passengers."

To this charge the defendant excepted. The court also charged, and defendant excepted to the charge, "that if the testimony of plaintiff's witnesses was true that the storm had practically abated, and the company did not do something to remedy the conditions there, or protect its passengers by throwing something on the platform, whereby it would make the platform safe for people to alight from the trains," then, of course, they were careless or negligent in not properly protecting the people who were their passengers. The practical effect of this charge was that the defendant would be liable for the slippery condition of the platform, unless they did something within a reasonable time to remedy the condition, "by throwing something on the platform whereby it would make the platform safe for people to alight from the trains."

This was reversible error. The question of negligence should have been left to the jury, under a proper charge that defendant

was bound to exercise reasonable care, such care as an ordinarily prudent person would use under all the circumstances of the case, to render the platform reasonably safe for its passengers. A railroad company is not an insurer of the safety of its passengers, and while it is held to a very high degree of care in properly equipping its system for operation, it is only required to exercise ordinary care in the operation of the road, "in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it was devoted." See Lafflin v. E. S. R. R. Co., 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433; Stierle v. Union Ry. Co., 156 N. Y. 72, 50 N. E. 419; Rusk v. Manhattan Ry. Co., 46 App. Div. 103, 61 N. Y. Supp. 384; Dinkelspiel v. I. R. T. Co. (Sup.) 113 N. Y. Supp. 187; Johnston v. N. Y. City Ry. Co., 120 App. Div. 456, 104 N. Y. Supp. 1039; O'Neill v. N. Y. & Q. C. R. Co., 121 App. Div. 487, 106 N. Y. Supp. 128.

Applying the rule laid down in Davenport v. Prentiss, 126 App. Div., at page 457, 110 N. Y. Supp., at page 1061, quoting from Green v. White, 37 N. Y. 405, that "if it is possible that the defendant was injured by this error, the verdict must be set aside," the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.