### DALE v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. November 10, 1911.)

TRIAL (§ 242*)—INSTRUCTIONS—ISSUES.

 Where a personal injury case presented an issue as to defendant's negligence, an instruction that, if defendant's train stopped and started again under the circumstances detailed by plaintiff, defendant was guilty of a wrongful act as a matter of law, was erroneous, as tending to lead the jury to believe that recovery was dependent upon a finding as to plaintiff's credibility and as obscuring the real issues of negligence and contributory negligence.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

Appeal from City Court of New York, Trial Term.

Action by James Dale against the Interborough Rapid Transit Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

James L. Quackenbush (Walter Henry Wood, of counsel), for appellant.

Black, Varian, Bigelow & Somers (Warren Bigelow, of counsel), for respondent.

SEABURY, J. This is an action to recover damages for personal injuries alleged to have been sustained solely through the negligence of the defendant. The case presented an issue of fact, which should have been submitted to the jury, and should not have been decided by the court as a matter of law. The learned trial court charged the jury:

"As a matter of law, if that train was stopped, and started again under the circumstances as detailed by the plaintiff in this action, then that was a wrongful act upon the part of the defendant corporation."

At the close of the charge the court, in response to a request to charge submitted by the counsel for the plaintiff, said:

"I have charged fully upon that point, that if this accident happened under the circumstances as detailed by the plaintiff in this case, then that was a wrongful act."

To both of these statements in the charge the defendant's counsel duly excepted. We think that this charge was equivalent to a statement that the circumstances detailed by the plaintiff constituted, as a matter of law, negligence on the part of the defendant. The circumstances detailed by the plaintiff were not of such a character as to do more than raise an issue of fact as to whether or not the defendant was negligent. This issue the learned trial court should not have assumed to determine as a matter of law. The charge was calculated to impress the jury with the idea that their verdict was to be dependent upon their finding as to the credibility of the plaintiff. In this respect the charge tendered to the jury an erroneous issue. Their

verdict should not have been made dependent merely upon the credibility of the plaintiff; but from a review of all the evidence in the case it was the duty of the jury to determine as a matter of fact whether the defendant was negligent and the plaintiff free from contributory negligence. Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096; Johnston v. New York City Railway Company, 120 App. Div. 456, 104 N. Y. Supp. 1039.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.