LEVENTER v. SHEFFIELD FARMS–SLAWSON–DECKER CO.

(Supreme Court, Appellate Term. January 5, 1912.)

TRIAL (§ 234*)—EVIDENCE—INSTRUCTIONS—NEGLIGENCE.

An instruction, in an action for personal injuries negligently inflicted, that if plaintiff's evidence is believed he is entitled to recover, and if defendant's evidence is believed the verdict must be for him, fails to submit the questions of fact which the jury must determine, and permits them to determine the issues from a determination as to the credibility of the witnesses, and is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538; Dec. Dig. § 234.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Beny Leventer against the Sheffield Farms-Slawson-Decker Company. From a judgment of the Municipal Court, entered on the verdict of the jury for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Alger & Simpson, for appellant.
Zuckerman & Spies, for respondent.

SEABURY, J.   The plaintiff sued to recover damages for personal injuries alleged to have been sustained by reason of the defend-

ant's negligence. The learned court below charged the jury as follows:

"If you believe plaintiff's story and his witnesses, he is entitled to recover. If you believe the defendant and his witnesses, your verdict must be in favor of the defendant."

This form of charge has been repeatedly condemned by appellate courts. It fails to submit to the jury the question of fact which by law they are required to determine, and permits them to determine the issues involved from a determination as to the credibility of the witnesses. The charge thus tendered to the jury an erroneous issue for their determination. The vice of such a charge has been so frequently commented upon that further discussion is unnecessary. Johnson v N. Y. City Railway Company, 120 App. Div. 456, 104 N. Y. Supp. 1039; Kellegher v. Forty-Second St. Railroad Company, 171 N. Y. 309, 63 N. E. .1096; Smith v. Lehigh Valley Railroad Company, 170 N. Y. 394, 63 N. E. 338; Dale v. Interborough Rapid Transit Company, 134 N. Y. Supp. 590, Appellate Term, October, 1911.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.